IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. RAMOS,<br><br>    Plaintiff,<br><br>vs.<br><br>VERA CHRISTIANSEN, D.C.F.C., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER DISMISSING CASE<br><br><br><br>Case No. 2:10-CV-1104 TS |

Plaintiff Michael Ramos is proceeding pro se and in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), this case has come before the court for screening. Plaintiff's pro se complaint must be construed liberally accepting the allegations as true.[1]

Construing the Complaint liberally, Plaintiff alleges that a state agency and various state officials are using false allegations in an on-going custody case currently pending in state court. Plaintiff uses the pre-printed form for a civil rights complaint but does not identify any right secured by the Constitution and laws of the United States that he alleges

---

[1] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

1

is violated.[2] Construing his pleading liberally, together with his letter requesting an immediate hearing,[3] all of the relief Plaintiff requests involves the custody issue, the subject matter of the simultaneous proceeding in the state courts.

The Court finds that the *Younger* abstention doctrine[4] bars this case. This Court may raise *Younger* abstention sua sponte.[5]

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.[6]

All three conditions for *Younger* abstention are met in this case. There is an on-going civil custody proceeding in the state court. The state forum provides an adequate forum to hear claims—use of false allegations—raised in the federal complaint. Further,

---

[2] *See Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008) ("Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law.").

[3] Docket No. 4.

[4] *See Younger v. Harris*, 401 U.S. 37 (1971).

[5] *Morrow v. Winslow,* 94 F.3d 1386, 1391 n.3 (10th Cir. 1996).

[6] *Amanatullah v. Colorado Bd. of Medical Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) and *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997)).

the on-going state court proceeding is the most appropriate place to raise that claim. As to the third factor, "[i]t cannot be gainsaid that adoption and child custody proceedings are an especially delicate subject of state policy, the Court stating that '[f]amily relations are a traditional area of state concern.'"[7]

The Court need not grant leave to amend where it would be futile."[8] In the present case, it would be futile to allow the pro se Plaintiff to amend his claim because *Younger* abstention would bar any claim seeking to interfere with on-going family custody proceedings. Dismissal under *Younger* abstention is without prejudice.

It is therefore

ORDERED that this case is DISMISSED without prejudice.

DATED   November 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Morrow,* 94 F.3d at 1393.

[8] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).